Good morning, Your Honors. May it please the Court, my name is Kelechi Charles Emezium for the appellant, Your Honor. You know, in this case, the lower court abused his discretion for the following reasons. In the first instance, 28 U.S.C. Section 1927 authorizes sanctions only for the multiplication of proceedings. The lower court in this case did not explain in this ruling how the conduct which the attorney was sanctioned for multiplied the trial of this case. Well, counsel, here, where you had a long time to investigate whether your client was bringing out fraudulent documents, you didn't do a thing. Although people said, I didn't write those letters. Don't you think you, at that point, should have been concerned and gotten to the bottom of the problem? You know, the letters of recommendation were part of a package for application which she submitted to the district way before she was employed. So it wasn't really an issue, as I said at that time, that related to her case directly. And I interviewed her about the letters, and essentially she said that that was not correct. And there was no way I could have reached the people who wrote the letters. I asked her to get more information from them, but she could not provide them. So essentially, the court said essentially the pre-trial witness list provided for clerk witnesses. But the trial was trumpeted because during the trial, due to impeachment evidence, it became clear that the plaintiff was not very welcoming with the truth. So I moved to withdraw at that time, and it was granted. Well, I guess the question is whether you should have been suspicious enough earlier to spare everybody all of the costs of bringing this thing actually to trial. You know, there was no way I could have told, been able to tell whether she was lying or not. This was a teacher for 28 years. She had over 10 credentials, and she had worked in five or four different districts for many years. And she presented the case that she was being discriminated against for several reasons. So there was no way I could have said you are not telling the truth. With the posture of the case, the employment-related case, which is based on facts presented by the plaintiff most of the time and by her witnesses, there was no way I could have disbelieved her and said I don't believe you. And, Your Honor, the other problem with this case was the statute itself requires a subjective finding of bad fate. The rule of the court here did not show. Not anymore, it doesn't. Yes, Your Honor. Well, essentially from what I know, there was no intent on the part of the, of my office to prolong this case in any way, because the only time we knew, we withdrew, essentially, from this case. Your Honor, the next thing is in terms of the, even if the court found that there was some wrongdoing by the counsel in this case, the statute also requires the court to award excess of the cost, cost by the conduct complained of. But in this instance, the amount of money or sanctions awarded against Plaintiff's counsel was the entire cost of preparation for trial for the defense. So the question is if there was a conduct that was wrong based on the papers which were filed while the plaintiff's counsel was out of town, then the court should at least allocate the cost that would have cost, exceeded the cost of the defense in the first place. Because there was no way I could have told or my office could have told that this woman did not have a case at all until we came to trial and we saw that she was walking and she was terminally ill, provided medical records say she was terminally ill. But obviously it was not the case at trial. Your Honor, so essentially, even if there was some wrongdoing from the office, the amount of money awarded was the entire defense cost. I don't think the study provides for an award that is tantamount. That's all I have, Your Honor. Okay. Thank you. Good morning, Your Honors. I have three brief comments. One is that the, this Court reviews Judge Wilkins' decision under abusive discretion standard. There's no factual, there's no challenge to any of the factual findings in Judge Wilkins' order. Only excuses. And I think Judge Wilkins' order thoroughly and competently set out her reasoning and amply supported her decision that the proceedings were recklessly multiplied. It's an 18-page order, and I'm willing to submit on that order and on her briefing. Does she have questions? Okay. Mr. Witten, anything else? Okay. All right. Then the order just started and will be submitted.
judges: Fletcher, Rymer, Duffy